## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| MICHAEL SEGOBIA, | ) | CASE NO. _____ |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | **COMPLAINT** |
| | ) | **AND JURY DEMAND** |
| MEGAN J. BRENNAN | ) | (Law) |
| Postmaster General | ) | |
| United States Postal Service, | ) | |
| | ) | |
| Defendant. | ) | |

COMES NOW Plaintiff, MICHAEL SEGOBIA, by and through his attorneys, Raymond R. Aranza and Mark R. Bosworth, of Marks Clare & Richards LLC, and for his cause of action against Defendant states:

1.     This is an action brought pursuant to the Americans with Disabilities act of 1990, 42 U.SC. §12101, *et seq*, for damages suffered by Plaintiff, as a result of Defendant's unlawful discrimination, unlawful harassment, and unlawful retaliation in violation of the ADA.

### JURISDICTION AND VENUE

2.     Jurisdiction of this Court is invoked  pursuant  to 28 U.S.C. § 1331 as this action arises out of the laws of the United States in that it alleges causes of action pursuant  to the Americans with Disabilities act of 1990, 42 U.SC. §12101, *et seq.*

3.     The unlawful discriminatory acts alleged below were committed and/or executed by management, supervisory, and/or other responsible personnel of the US Postal Service ("USPS" or "Employer") which is designated as a Federal Agency. This case arises from events at South Omaha Station, which is a facility of the US Postal service located at 7300 Main St., Omaha, NE 68107. Accordingly, venue lies in the United States District Court for the District of Nebraska under 28 U.S.C. §1391(b).

4.     Prior to filing this action, Plaintiff has exhausted all administrative remedies. On or about January 22, 2015, the EEOC issued Plaintiff a 90-day Right to Sue Letter, which was

1

received by Plaintiff on or about January 22, 2015.  A copy of the Right to Sue Letter is attached hereto as Exhibit "A" and made a part hereof by reference.

## PARTIES

5.      Plaintiff is, and at all relevant times hereto, was a resident of Council Bluffs, Pottawattamie County, Iowa.

6.      Plaintiff, is, and at all time relevant hereto, employed by Defendant at the South Omaha Station, 7300 Main St. Omaha, NE 68107

7.      The Defendant, MEGAN J. BRENNAN, Postmaster General, is the Head of the United States Postal Service, the Federal Agency that employs Plaintiff and is named Defendant herein in her Official capacity.

8.      The United States Postal Service qualifies as an Employer within the meaning of the statute and regulations at issue.

## FACTUAL ALLEGATIONS

9.      At all times relevant hereto, Plaintiff was employed as a Full Time Laborer Custodial ("Custodian") in the Omaha Processing and Distribution Center also known as the South Omaha Station located at 7300 Main Street, Omaha, NE 68107.

10.     At all times relevant hereto, Plaintiff has been disabled. Plaintiff suffers from Lumbar Spondylosis, Central Canal Stenosis, and Denervation of right Gastrocnemius, and chronic LBP/lumbar disc disease. These conditions mostly affect the Plaintiff's back. Plaintiff's restrictions limit pushing/pulling/lifting more than 80 pounds and pushing/pulling containers on wheels in excess of 80 lbs. or vertical ladder climbing.

11.     On or about June 2013, Plaintiff began being harassed by supervisors Tracy Dice and Peter Gomez. Plaintiff was subjected to a course of conduct by these supervisors, which included: altering and/or denying changes in his work schedule, moving and hiding Plaintiff's equipment, taunts from co-workers, forcing Plaintiff to clean the women restrooms and otherwise retaliating against Plaintiff in response to complaints about mistreated and poor accommodation of Plaintiff's disability.

12.     Plaintiff addressed each incident with supervisors Dice and Gomez, but they declined to provide assistance to Plaintiff.

2

13.     On or about February 15, 2014, Plaintiff filed a grievance related to his request to not be required to clean women's rest rooms. Gomez was aware of Plaintiff's corresponding complaints and was involved in the EEO redress of said grievance.

14.     Gomez maintained a highly negative attitude towards Plaintiff's grievance related to cleaning the women's rest room. Gomez confronted Plaintiff and yelled at him that Plaintiff would, "never, ever receive a letter" approving Plaintiff's request to not clean women's restrooms. Plaintiff's request to not clean the rest rooms was eventually granted, and Gomez was upset and hostile towards Plaintiff after this request was granted.

15.     A grievance decision, dated March 7, 2014, restricts Plaintiff from being scheduled to clean and/or police women's restrooms outside of emergency situations.

16.     In retaliation for these grievances and complaints, Plaintiff was frequently assigned to work at a variety of locations which effectively prevented Plaintiff from earning overtime compensation. Plaintiff was sent to these locations intentionally in order to prevent him from earning overtime compensation.

17.     From November 27, 2013 through March 2014, Plaintiff's requests for a schedule change were denied by Dice and Gomez. Plaintiff was never provided a written denial of his request, but Dice informed him that his request could not be approved "due to work assignments and personnel shortages". However, during this same timeframe, Dice approved schedule changes for other custodial employees.

18.     Plaintiff was, at times, prevented from working by Dice and Gomez because they improperly applied his work restrictions. Plaintiff's work restrictions would not allow him to work more than an 8 hour day, however on at least one occasion Plaintiff was restricted to working only 6.5 hours. Plaintiff was not given an opportunity to make up the time.

19.     Due to Plaintiff's disability, Defendant denied him the opportunity to work. On April 18, 2014, Dice, Gomez and Fred Van Zant, Lead Maintenance Manager, and Mark Stickrod, Senior Manager of Distribution Operations told Plaintiff there was no work available within Plaintiff's restrictions.

20.     Plaintiff has personal knowledge that Gomez and Dice maintained and active dislike for disabled veterans. Plaintiff was also made aware that his EEO complaint regarding cleaning women's restrooms had upset Gomez.

3

21.     Plaintiff originally filed an EEO complaint of discrimination by the Postal Service on March 8, 2014. Plaintiff later amended this complaint to include charges of retaliation.

22.     In response to Plaintiff's EEO complaints, he was erroneously removed from active duty by Gomez and minimal efforts were made by Gomez and/or management to find work for Plaintiff and/or to accommodate his disability.

23.     On August 25, 2014, Gomez threatened Plaintiff about not completing work in a timely manner and denied Plaintiff a union representative.

24.     On September 22, 2014, Plaintiff was told to start at one station and was later told to report to another station on the same day.

25.     On September 29, 2014, Plaintiff was instructed to provide medical documentation concerning his restrictions.

26.     On October 6, 2014, Plaintiff was denied a bid position.

## COUNT I

## DISABILITY DISCRIMINATION

### 42 U.S.C. §§12101 et seq.

27.     Plaintiff hereby incorporates by reference paragraphs 1 through 27 and states:

28.     Defendant is a covered entity and employer under 42 U.S.C §12111;

29.     Plaintiff was an employee of Defendant and during his employment he suffered from Lumbar Spondylosis, Central Canal Stenosis, and Denervation of right Gastrocnemius, and chronic LBP/lumbar disc disease.

30.     Plaintiff was disabled as such a condition substantially limits one or more of Plaintiff's major life activities including performing manual tasks, walking, standing, bending and etc.; or in the alternative, Plaintiff had a record of disability of which Defendant had knowledge of prior to subjecting Plaintiff to adverse employment actions.

31.     At all times relevant, Plaintiff was able to perform the essential functions of his job as a Custodian for Defendant with or without reasonable accommodation.

32.     Defendant failed to provide a reasonable accommodation for Plaintiff's disability and Defendant's failure to provide reasonable accommodation was a substantial factor in causing Plaintiff's damages.

33.     Defendant retaliated against Plaintiff after he complained about mistreatment related to his disability.

4

34.   Defendant's discrimination altered a term, condition, and/or privilege of Plaintiff's employment as it resulted in disciplinary and discriminatory actions by supervisors.

35.   The unlawful employment practices complained of above were willful and intentional, and Defendant knew and showed reckless disregard for the fact that its conduct was prohibited by Federal and state law.

36.   As a result of Defendant's discrimination, Plaintiff has suffered damages in the form of lost wages and benefits, costs and expenses for medical treatment, loss of future pay, benefits and retirement, cost of future medical, emotional pain and suffering, inconvenience, mental anguish, loss of enjoyment of life. Plaintiff has incurred, and will continue to incur attorney's fees and costs in this matter.

## COUNT II
## RETALIATION

37.   Plaintiff re-alleges the allegations of paragraphs 1 through 36 as if set forth verbatim herein.

38.   Plaintiff engaged in a protected activity by complaining of disability discrimination on numerous occasions as described throughout this complaint.

39.   At all relevant times, Plaintiff was, and continues to be qualified for, and ready, willing, and able to work for Defendant.

40.   After Plaintiff engaged in the protected activities described herein, Plaintiff was denied the opportunity to work overtime, was shuffled around to various locations to inhibit his ability to work and was intentionally denied reasonable accommodations that would have facilitated his ability to work and, as a result, suffered a decrease in pay and number of hours in which he could work on account of his complaints of discrimination.

41.   The above-mentioned allegations demonstrate that a term, condition, and/or privilege of Plaintiff's employment was affected by the retaliation.

42.   As a direct and proximate result of the unlawful retaliation, Plaintiff has suffered lost wages. As an additional direct and proximate result of his termination by Defendant, Plaintiff has suffered, and continues to suffer, emotional distress, humiliation, embarrassment, injury to his reputation, mental anguish and anxiety, and other compensatory damages as provided under the ADA.

43.     Plaintiff has incurred, and will continue to incur attorney's fees and costs in this matter, and Defendant should be ordered to pay Plaintiff's reasonable attorney's fees and costs.

44.     Defendant should be required to pay Plaintiff liquidated and punitive damages as a result of Defendant's willful violations of the ADA.

## DAMAGES

45.     Plaintiff hereby incorporates by reference paragraphs 1-44 and states:

As a result of Defendant's discrimination and retaliation, Plaintiff has suffered damages and seeks the following relief:

a.  Back pay and lost benefits to the time of trial;

b.  Front pay including retirement and other benefits;

c.  Costs and expenses for past psychological treatment and counseling for Plaintiff's injuries;

d.  Costs and expenses for future psychological treatment and counseling for Plaintiff's injuries;

e.  Compensatory damages for future pecuniary losses, emotional pain, suffering, inconvenience, mental anguish, loss of enjoyment of life, and other nonpecuniary losses;

f.  Punitive damages for Defendant's actual malice or reckless indifference to Plaintiff's federally protected rights;

g.  Liquidated damages as prescribed by 29 U.S.C §2617;

h.  Attorney's fees, expert witness fees and other reasonable costs; and,

i.  Pre-judgment and post judgment interest.

WHEREFORE, Plaintiff prays for judgment against Defendant for all her general, special and punitive damages, for costs, attorney's fees, interest and for such other relief as just and equitable.

6

**Jury Demand**

Plaintiff respectfully requests a trial by jury.

Dated this 17th day of April, 2015.

MICHAEL SEGOBIA, Plaintiff

BY:

Raymond Aranza, #18523
Mark R. Bosworth, #25465
MARKS CLARE & RICHARDS, L.L.C.
11605 Miracle Hills Drive, Suite 300
Omaha, NE 68154-8005
(402) 492-9800
fax: (402) 492-9336
E-mail:      raranza@mcrlawyers.com
             mbosworth@mcrlawyers.com
Attorneys for Plaintiff

N:\WDOX\CLIENTS\21792\000\PLEA\00148208.DOCX

National EEO Investigative Services Office

 **UNITED STATES**
**POSTAL SERVICE**

## UNITED STATES POSTAL SERVICE
## EQUAL EMPLOYMENT OPPORTUNITY
## IN THE MATTER OF:

Michael Segobia
11915 Woodland Trl
Council Bluffs, IA 51503-7197
Complainant,

      **v.**

PATRICK R. DONAHOE
Postmaster General
United States Postal Service
Western Area
Agency.

USPS Tracking # Complainant:
9114 9999 4431 3677 0589 51

USPS Tracking # Representative:
9114 9999 4431 3677 0589 68

Agency Case Number: 4E-680-0045-14

Date Formal Filed: January 2, 2015

---

### *DISMISSAL OF FORMAL EEO COMPLAINT*

The agency acknowledges the receipt of the formal complaint of discrimination referenced above. Enclosed is PS Form 2570, EEO Dispute Resolution Specialist's Inquiry Report. This is the Postal Service's final decision on the above-cited discrimination complaint.

<u>Specific Issue(s) Alleged</u>: You alleged discrimination based on Retaliation (Prior EEO Activity) and Disability (Not Specified) when:

1) On August 25, 2014, your manager threatened you about not completing your work in a timely manner and denied you a union representative;

2) On September 22, 2014, you were told to start at one station and then report to another station later in the day;

3) On September 29, 2014, you were instructed to provide medical documentation concerning your restrictions; and

4) On October 6, 2014, you were denied a bid position.

P.O. Box 21979
Tampa, FL 33622-1979



515ac96ddc983139

– 2 –

Chronology

The record reflects you requested pre-complaint processing on September 23, 2014, and a Notice of Right to File an Individual Complaint of Discrimination (PS Form 2579-A) was sent on December 24, 2014. Subsequently, you filed a formal complaint of discrimination with the Agency January 2, 2015.

Analysis and Conclusion

1) **On August 25, 2014, your manager threatened you about not completing your work in a timely manner and denied you a union representative;**

2) **On September 22, 2014, you were told to start at one station and then report to another station later in the day;**

3) **On September 29, 2014, you were instructed to provide medical documentation concerning your restrictions.**

29 C.F.R. §1614.107(a)(1) states that prior to a request for a hearing in a case, the agency shall dismiss an entire complaint that fails to state a claim under 29 C.F.R. §1614.103 or 29 C.F.R. §1614.106(a). The regulations provide that an agency may not accept a complaint from a complainant who is not aggrieved. The Commission's federal sector case precedent has long defined an "aggrieved employee" as one who suffers a present harm or loss with respect to a term, condition, or privilege of employment for which there is a remedy. *Diaz v. Department of the Air Force*, EEOC Request No. 05931049 (April 21, 1994).

Generally, to be aggrieved, complainant must demonstrate: 1) complainant suffered harm and 2) the agency's allegedly unlawful conduct caused that harm. Additionally, there must be a causal connection between the challenged conduct and the harm. Moreover, the required causal connection will be satisfied only if there is a substantial likelihood that the relief requested will redress the harm. Stated another way, it is clear that unless complainant has suffered a direct and personal deprivation at the hands of the agency, complainant cannot properly be considered a "person aggrieved" under the Commission's Regulations and thus is without standing to file a charge based on an alleged discriminatory remark or employment practice.

Therefore, in assessing whether the alleged incidents affected a term, condition, or privilege of your employment, the conduct in this case must be viewed in the context of the totality of the circumstances, considering, inter alia, the nature and frequency of offensive encounters and the span of time over which the encounters occurred. *McGivern*, citing *Rabidue v. Osceola Refining Company*, 805 F.2d 611, 620 (6th Cir. 1988); *Gilbert v. City of Little Rock*, 722 F.2d 1390, 1394 (8th Cir. 1993).

-3-

You allege that your manager threatened you about not completing your work in a timely manner and denied you a union representative, you were told to start at one station and then report to another station later in the day, and you were instructed to provide medical documentation concerning your restrictions. You did not relate or infer that any adverse action occurred as a result of any of these incidents.

We acknowledge that you may have felt as though management was harassing you. However, we are required to analyze your claim from the perspective of EEOC regulations and in doing so we do not find that the incident alleged by you rendered you "aggrieved" as that term is defined above. First, there is no persuasive evidence in the record that you were subjected to any adverse employment action or denied any entitlement in relation to a term, condition or privilege of employment as a result of the incident you raise in your complaint. Secondly, the totality of the circumstances and the actions complained of, even if true, are neither sufficiently severe nor pervasive enough to create a discriminatory hostile or abusive working environment. *See Harris, supra; Burns v. U.S. Postal Service*, EEOC Appeal No. 01A60420 (May 10, 2006) and *Simpson v. Department of Transportation*, EEOC Appeal No. 01A53663 (May 2, 2006), both citing *Cobb v. Department of the Treasury*, EEOC Request No. 05970077 (March 13, 1997).

Directing employees in the performance of their duties and ensuring the efficiency of the operation entrusted to them is a matter which is clearly within the realm of managerial prerogative and authority. However, you are asking the Commission to intervene and impose their authority on such matters. The action alleged is a common workplace occurrences and unless it is reasonably established that the action was somehow abusive or offensive, and was taken in order to harass you on the basis of any of your protected classes, such everyday events are not sufficiently severe or pervasive so as to offend the general sensibility of an individual experiencing such occurrences in the workplace. See *Goines v. Department of Veterans Affairs*, EEOC Appeal No. 01A54108 (July 20, 2006); *Wolf v. U.S. Postal Service*, EEOC Appeal No. 01961559 (July 23, 1998). *See also, Long v. Veterans Administration*, EEOC Appeal No. 01950169 (August 14, 1997); *Bennett v. Department of the Navy*, EEOC Request No. 05980746 (September 19, 2000); *Gray v. U.S. Postal Service*, EEOC Appeal No. 0120091101 (May 13, 2010); and *Wade v. U.S. Postal Service*, EEOC Appeal No. 0120100387 (April 20, 2010).

Therefore, your complaint alleging discrimination as cited above in issue #1, #2, and #3 is now **dismissed** as failing to state a claim in accordance with 29 C.F.R. 1614.107(a)(1).

1) On August 25, 2014, your manager **threatened you about not completing your work in a timely manner and denied you a union representative.**

– 4 –

The Commission has previously held that an employee cannot use the EEO complaint process to lodge a collateral attack on another forum's proceeding. *Kleinman v. U.S. Postal Service*, EEOC Request No. 05940585 (September 22, 1994); *Lingad v. U.S. Postal Service*, EEOC Request No. 05930106 (June 24, 1993).

In issue #1, you alleged discrimination in that you were denied union representation. However, matters concerning the negotiated grievance procedure do not state a claim within the EEOC's jurisdiction. *Veasley v. U.S. Postal Servcie*, EEOC Appeal No. 01A40677 (April 12, 2004), *Ho v. U.S. Postal Service*, EEOC Appeal No. 01A34643 (March 31, 2004).

Your claim concerning not being afforded union representation is a collateral attack and not properly before the Commission. The proper forum for you to have raised this challenge is through the collective bargaining agreement or before the NLRB. *See Trimble v. U.S. Postal Service*, EEOC Appeal No. 0120081501 (April 24, 2008) and *Stelzner v. U.S. Postal Service*, EEOC Appeal No. 0120081513 (April 24, 2008) (Concerns regarding union representation are not within the Commission's jurisdiction and should be addressed under the collective bargaining agreement), citing *Wills and Kleinman, supra*.

It is inappropriate to now attempt to use the EEO process to seek collateral enforcement of a matter which is outside the purview of EEOC regulations. *See Shannon v. United States Postal Service*, EEOC Request No. 05970764 (July 6, 1999).

Therefore, your claim as cited above in issue #1 is **dismissed** in accordance with 29 C.F.R. 1614.107(a)(1) for failure to state a claim due to lodging a collateral attack on the proceedings of another forum, specifically the negotiated grievance procedure.

3] On September 29, 2014, you were instructed to provide medical documentation concerning your restrictions.

In *Richardson v. U.S. Postal Service*, EEOC Appeal No. 0120071425 (September 30, 2008), the Office of Federal Operations affirmed the dismissal of a complaint challenging a request that the complainant provide medical documentation to support n absence because, in OFO's view, the complainant was not aggrieved. The decision noted, "The request for medical documentation was a single, isolated event, and was not part of an ongoing series of actions constituting a pattern of discriminatory harassment. Furthermore, a request for documentation does not rise to the level of severity which would render complainant aggrieved under *Harris, supra*." *See also, Ness v. U.S. Postal Service*, EEOC Appeal No. 01981368 (November 27, 2000). The

– 5 –

Commission has also extended this to documentation to support a request for light duty. *See McKinnon v. U.S. Postal Service*, EEOC Appeal No. 0120063226 (April 17, 2008); *citing Ly v. U.S. Postal Service*, EEOC Appeal No. 01A11544 (May 2, 2003).

In issue #3, you alleged discrimination when your manager requested medical information provide medical concerning your restrictions. However, you do not claim any personal loss related to a term, condition or privilege of employment, nor do you indicate that any corrective or adverse action was taken as a result of this incident.

There is no evidence in the record to show that you were subjected to any adverse action or that you were denied any entitlement in relation to a term, condition or privilege of employment as a result of your allegation. See Harris v. Forklift Systems, Inc., 510 U.S. 17, 21 (1993); Burns v. U.S. Postal Service, Appeal No. 01A60420 (May 10, 2006), also Simpson v. Department of Transportation, Appeal No. 01A53663 (May 2, 2006) both citing Cobb v. Department of the Treasury, EEOC Request No. 05970077 (March 13, 1997).

Therefore, your complaint alleging discrimination as cited above in issue #3 is now **dismissed** as failing to state a claim in accordance with 29 C.F.R. 1614.107(a)(1).

---------------------------------------------

   **4) On October 6, 2014, you were denied a bid position.**

29 C.F.R. §1614.107(a)(1) states that prior to a request for a hearing in a case, the agency shall dismiss an entire complaint that fails to state a claim under 29 C.F.R. §1614.103 or 29 C.F.R. §1614.106(a). The regulations provide that an agency may not accept a complaint from a complainant who is not aggrieved. The Commission's federal sector case precedent has long defined an "aggrieved employee" as one who suffers a present harm or loss with respect to a term, condition, or privilege of employment for which there is a remedy. *Diaz v. Department of the Air Force*, EEOC Request No. 05931049 (April 21, 1994).

Generally, to be aggrieved, complainant must demonstrate: 1) complainant suffered harm and 2) the agency's allegedly unlawful conduct caused that harm. Additionally, there must be a causal connection between the challenged conduct and the harm. Moreover, the required causal connection will be satisfied only if there is a substantial likelihood that the relief requested will redress the harm. Stated another way, it is clear that unless complainant has suffered a direct and personal deprivation at the hands of the agency, complainant cannot properly be considered a "person aggrieved" under the Commission's Regulations and thus is without standing to file a charge based on an alleged discriminatory remark or employment practice.

You allege that you were the successful bidder on a position on October 3, 2014, and the bid notice was pulled down three days later on October 6, 2014 due to being incorrectly posted. You do not relate or infer that any other bidder was awarded the position. The

- 6 -

record contains no evidence that the position was reposted and awarded to someone other than you.

Therefore, your complaint alleging discrimination as cited above is now **dismissed as** failing to state a claim in accordance with 29 C.F.R. 1614.107(a)(1).

Appeal to the Equal Employment Opportunity Commission

If you are dissatisfied with this decision you may appeal to the Equal Employment Opportunity Commission **within 30 calendar days** of the date of your receipt of the Agency's final action, or, if you are represented by an attorney, **within 30 calendar days** of your attorney's receipt of this action. The appeal must be in writing and filed with the Director, Office of Federal Operations, Equal Employment Opportunity Commission, P.O. Box 77960, Washington, D.C. 20013-8960, or facsimile to (202) 663-7022. The complainant should use EEOC Form 573, Notice of Appeal/Petition, (attached to the agency's decision) and should indicate what he or she is appealing. Any supporting statement or brief must be submitted to the EEOC within 30 calendar days of filing the appeal. A copy of the appeal and any supporting documentation must also be submitted to the agency's designated office: National EEO Investigative Services Office, P.O. Box 21979, Tampa, FL 33622-1979. In or attached to the appeal to the EEOC, you must certify the date and method by which service of the appeal was made on the agency's office.

Failure to file within the 30-day period could result in the EEOC's dismissal of the appeal unless you explain, in writing, extenuating circumstances which prevented filing within the prescribed time limit. In this event, extending the time limit and accepting the appeal will be discretionary with the EEOC.

If you file an appeal with the EEOC's Office of Federal Operations, you may thereafter file a civil action in an appropriate U.S. District Court **within 90 calendar days** of your receipt of the Office of Federal Operations' decision. A civil action may also be filed after 180 calendar days of your appeal to the EEOC, if you have not received a notice of final action on your appeal.

Right to file a civil action

In lieu of filing an appeal with the Equal Employment Opportunity Commission, you may file a civil action in an appropriate U.S. District Court **within 90 calendar days** of your receipt of this decision. If you choose to file a civil action, that action should be captioned **Michael Segobia vs. Patrick R. Donahoe, Postmaster General, U.S. Postal Service.** You may also request the court to appoint an attorney for you and to authorize the commencement of that action without the payment of fees, costs, or security in such

- 7 -

circumstances as the court deems just.  Your application must be filed within the same 90-day time period for filing the civil action.


*Gil Grim*                                        January 22, 2015
Gil Grim                                          DATE
EEO Services Analyst

Enclosures:   PS Form 2570, EEO Dispute Resolution Specialist's (DRS) Inquiry Report
              EEOC Form 573, Notice of Appeal/Petition

Cc: Raymond Aranza Esq., 11605 Miracle Hills Dr  Suite 300, Omaha, NE 68154-4467

**UNITED STATES POSTAL SERVICE®**

**EEO Dispute Resolution Specialist's (DRS) Inquiry Report**

| | |
|---|---|
| | Case No. |
| | **4E-680-0045-14** |

**NOTICE OF RESTRICTED USAGE**

Access to, and usage of, this EEO report is restricted by both the Freedom of Information Act and the Privacy Act to: (1) the complainant and his or her representative, and (2) government officials who must have access to the files to discharge their OFFICIAL duties. The report must be safeguarded. Willful violations of these requirements are subject to criminal penalties (5 U.S.C. 552a(i)).

## Complainant

| Name (Last, First, MI) | SSN or EIN |
|---|---|
| Segobia, Michael, J. | 02650832 |

| Home Address (No., Street, City, State, ZIP + 4) | Work Address (Facility Name, No., Street, City, State, ZIP + 4) |
|---|---|
| 11915 Woodland Trl<br>Council Bluffs IA  51503-7197 | South Omaha Station<br>7300 Main St.<br>Omaha NE  68107-9998 |

| Home Telephone No. | Email Address | Office Telephone No. |
|---|---|---|
| 770-845-7114 | | 402-331-5739 |

| Position Title | Grade Level | Tour | Duty Hours |
|---|---|---|---|
| Custodian | P-05 | | 0500 - 1350 |

| Off Days (For Tour I, record nights off) | Is EEO Poster 72 on Display in Complainant's Facility? |
|---|---|
| Saturday/Sunday | ☒ Yes, verified on (date): 10/15/2014     ☐ No |

| Preference Eligible | Mixed Case | MSPB Appeal Filed? |
|---|---|---|
| ☐ Yes  ☒ No | ☐ Yes  ☒ No | ☐ Yes ☒ No If Yes, Date Filed: |

## Chronology of Informal Process

| Date of Incident | Date of Initial Contact with EEO Office | Date of Initial Interview |
|---|---|---|
| 8/25/2014; 9/22, 29/2014; 10/3/2014;<br>and other unspecified date(s) | 9/23/2014 | 10/9/2014 |

| REDRESS™ Overview | ADR Election Form Signed | 60 Day Extension Form Signed |
|---|---|---|
| ☒ Yes ☐ No | ☒ Yes ☐ No | ☐ Yes ☒ No If Yes, Expiration Date: |

| Date Complainant Signed or Received Notice of Right to File: 12/24/2014 | Date DRS Report Requested:<br>1/6/2015 | Date DRS Report Submitted:<br>1/9/2015 |
|---|---|---|

## Basis for Alleged Discrimination

Check and Particularize Each that Applies:

| | |
|---|---|
| ☐ 1. Race (Specify): | ☐ 6. Age (Specify ): |
| ☐ 2. Color (Specify): | ☐ 7. Physical Disability (Specify): |
| ☐ 3. Religion (Specify): | ☐ 8. Mental Disability (Specify): |
| ☐ 4. Sex (Specify): | ☐ 9. Genetic Information (Specify): |
| ☐ 5. National Origin (Specify): | ☒ 10. Retaliation (Specify Cited Protected EEO Activity):<br>(1E-681-0004-14) |

**Discrimination Claim(s):**

The counselee alleges discrimination based on retaliation when:

1) On August 25, 2014, Manager Peter Gomez harassed and threatened counselee about not completing his routes in a timely manner.
2) On August 25, 2014, Manager Gomez denied counselee a union representative.
3) On September 22, 2014, counselee was to start at one station and then go to his regular station later in the day.   continued on page 4

**Requested Resolution:**

The counselee requests Manager Gomez and Supervisor Dice have no contact with counselee and to be held liable for counselee's many hardships - payroll and sick leave issues, in addition to legal expenses that counselee has incurred since he was transferred to the plant in June of 2013.

RECEIVED

JAN 1 6 2015

NEEOISO

**EEO Dispute Resolution Specialist's Checklist.**

Please Check All That Apply

☒ 1. I informed counselee of the impartial role of the Dispute Resolution Specialist in the EEO complaint process, explained the EEO process, and provided counselee with the booklet, *What You Need to Know About EEO* – an overview of the EEO process in the Postal Service.

☒ 2. I notified counselee of his/her right to be accompanied, represented, and advised by a representative of his/her choice at any stage in the complaint process. If counselee elected representation, I obtained the following information:

| Representative's Name: | Raymond Aranza | |
|---|---|---|
| Title: | Attorney at Law | Telephone No.: 402-492-9336 |
| Fax: | | Email Address: |
| Mailing Address: | 11605 Miracle Hills Dr Ste 300 PO Box 542005 | |
| | Omaha NE NE 68154 | |

☒ 3. I advised counselee of his/her right to remain anonymous during pre-complaint counseling and he/she DID__X__ /DID NOT____ waive anonymity.

☒ 4. I explained the Privacy Act Statement. Counselee signed a copy of the notice prior to the interview.

☐ 5. If a mixed case, I informed counselee of the mixed case election procedures in 29 CFR §1614.302.

☐ 6. If age discrimination was alleged, I informed counselee of the alternate procedures available for pursuing age claims, as outlined in 29 CFR §1614.201.

☐ 7. If a sex based claim of wage discrimination was alleged under the Equal Pay Act (EPA), I advised counselee of his/her right to bypass the administrative procedure and file a civil action, as outlined in 29 CFR §1614.408.

☐ 8. If discrimination based on disability was alleged I informed counselee of his/her requirement to submit documentation of his/her disability. Documentation HAS____ /HAS NOT____ been submitted.

☐ 9. If counselee presented his/herself as an agent of a class, I explained the class complaint procedures and the class agent's responsibilities, as outlined in 29 CFR § 1614.204.

☒ 10. I informed counselee of his/her requirement to immediately notify the NEEOISO-EEO Contact Center and the EEOC if the representative's or his/her mailing address changes.

☒ 11. I explained that I will not be the one who will make the decision on the acceptability of counselee's claim(s); but, there is a possibility that, for the reason(s) I have briefly restated below, the claim(s) will be dismissed in accordance with 29 CFR § 1614.107.

Counselee was advised that some of his claims may be dismissed for failure to state a claim and/or if resolved in the grievance procedure.

**Dispute Resolution Specialist's Inquiry**

Brief Summary of Inquiry (If applicable)

Counselee stated during initial interview on October 15, 2014, that his claims were all spelled out in the pre-complaint he submitted and his attorney would answer any questions. On October 16, 2014, counselee called with his attorneys (Mr. Aranza and Ms. Turco Meyer) on the phone. They explained that counselee was the successful bidder on a Tour 1 position on October 3, 2014, which was posted incorrectly, and the bid notice was pulled down three days later.

Counselee also alleges Maintenance Operations Manager Pete Gomez stated there was a problem with counselee having that bid job due to his restrictions. Counselee stated that Manager Gomez sent him a letter dated September 29, 2014, insisting that counselee provide documentation concerning restrictions which may have determined whether counselee could perform the essential functions of the job. Counselee stated this was an improper inquiry. Counselee stated that he was improperly taken out of his new bid job at South Omaha Station and placed back at the plant.

A limited management inquiry was conducted and, on October 15, 2014, Tracy Dice, Supervisor, Maintenance Operations, responded to the allegations by indicating 1) counselee was not following Standard Operating Procedures (SOP) regarding completing his routes in a timely manner and submitting his completed route sheets. This resulted in grievances that cost the Agency every day counselee failed to follow the SOP. She explained that she assigns routes to all of the custodians in Omaha and collects their completed route sheet forms. Supervisor Dice added that if she has problems, she reports them to her manager, Peter Gomez, Manager, Maintenance Operations, for his assistance. 2) Supervisor Dice indicated she was not involved in this claim. 3) Supervisor Dice indicated that route assignments are issued in accordance with the best interests of the U.S. Postal Service. Supervisor Dice indicated she was not involved in claims 4, 5, or 6.

continued on page 4

**REDRESS™ (Dispute Resolution Specialist complete this section if counselee participated in ADR)**

| Date of Mediation: 11/19/2014 | Disposition: ☐ Resolved   ☒ Not Resolved |
|---|---|

**Summary of Final Interview**

On 12/22/2014, counselee's attorney was informed that no resolution could be reached relating to counselee's allegation of discrimination via Certified Number 7011 2970 0000 1292 5857, received 12/24/2014. Counselee was advised via First Class Mail. Counselee was advised of his right to file a formal complaint of discrimination and mailed PS Form 2565, EEO Complaint of Discrimination in the Postal Service, and PS Form 2579-A, Notice of Right to File Individual Complaint.

| Office Address of Dispute Resolution Specialist (No., Street, City, State, and Zip + 4) | Office Address of Manager, EEO Compliance & Appeals (No., Street, City, State, and Zip + 4) |
|---|---|
| EEO FIELD OPERATIONS<br>P.O. BOX 199533<br>OMAHA, NE 68119-9533 | MANAGER, EEO COMPLIANCE & APPEALS<br>REGION 1 (WESTERN/PACIFIC AREAS)<br>PO BOX 880546<br>SAN FRANCISCO CA 94188-0546 |
| Specialist's Office Telephone No.<br>402-930-4376 | Specialist's Office Hours<br>Mon-Fri  08:00 AM – 05:00 PM |
| Signature of EEO Dispute Resolution Specialist<br>*Cheryl L. Foss* | Typed Name of EEO Dispute Resolution Specialist<br>Cheryl L. Foss | Date<br>1/9/2015 |

PS Form **2570**, August 2012 *(page 3 of 5)*

**EEO Dispute Resolution Specialist's (DRS) Inquiry Report**

Continuation Sheet                                                PS Form 2570

_Discrimination Claims continued:_

4) On September 29, 2014, Manager Gomez sent counselee a letter insisting counselee provide documentation concerning restrictions which may determine whether or not counselee could perform the essential functions of the job.

5) On October 3, 2014, counselee was the successful bidder on his second choice which was for a Tour 1 position. Three days later counselee's bid was pulled and he was placed in the South Omaha Station.

6) On unspecified date, when counselee bid for the Tour 1 position, Manager Gomez said there was a problem because of counselee's physical restrictions.

_Limited Management Inquiry continued:_

On October 15, 2014, and other dates, Peter Gomez, Manager, Maintenance Operations, responded to the allegations by indicating:

1) He spoke to counselee, but did not threaten or harass counselee. He clarified that he spoke to counselee about not completing his cleaning routes and turning the completed route sheets in to his supervisor a day late, which did not allow time to reschedule someone else to perform the work. Manager Gomez added that counselee had done this on numerous occasions. He indicated he spoke to the counselee about doing his job timely, the same as he speaks to other custodians not completing their route timely. He added that the union was filing grievances and getting money every time a custodian was not completing their routes timely.

2) Manager Gomez responded that he went to counselee's work location to see just how busy specific areas of the station were during that time of morning since that station and areas were consistently being missed by counselee. Manager Gomez explained that he was just there to ask questions and there was not a steward available at that specific time and location. Manager Gomez advised counselee that he did not have to answer the questions, but by answering them, counselee would have an opportunity to explain the situation before Manager Gomez observed the station operation and areas in question.

3) Manager Gomez responded that custodians' routes are changed according to the needs of the Service. He explained that on Mondays counselee was starting out at one station and then going to another station, but, repeatedly had trouble getting the route done at the second station. When Manager Gomez questioned counselee, one reason counselee gave was that the station was too busy at that time of day for him to complete his route. Manager Gomez responded by having counselee start at the second station to see if counselee would be able to complete the route at both stations.

4) Manager Gomez indicated that counselee was on Light Duty and the most current restrictions he had at the time counselee left the Main Office prevented counselee from performing many of the necessary duties such as using the stairs and shoveling snow. Manager Gomez explained that he was not aware of the updated restrictions because counselee provided them to the Ralston Station Manager.

Page 4 of 5

## EEO Dispute Resolution Specialist's (DRS) Inquiry Report

Continuation Sheet                                                    PS Form 2570

**Manager Gomez' response continued:**

5) Manager Gomez indicated that the job result posting had administrative errors so the posting was taken down to make corrections. As a result, counselee and others were awarded their first choices, in accordance with the National Agreement. He added that this job posting notification was done twelve days prior to anyone being awarded or starting their new job position, so counselee suffered no harm.

6) Manager Gomez added that counselee was asked to provide his most current medical restrictions in accordance with the U.S. Postal Service's rules and regulations regarding Light Duty. He added that counselee complied with that request and management determined they could work with counselee's new restrictions.

*Note: According to Management, Labor Relations, the Grievance Arbitration Tracking System (GATS), and counselee, there are no grievances related to this complaint.*

*Cheryl L. Foss*

Signature of EEO Dispute Resolution Specialist: _____     Date: __1/9/2015

PS Form 2570, August 2012 *(page 5 of 5)*

# NOTICE OF APPEAL/PETITION
## TO THE EQUAL EMPLOYMENT OPPORTUNITY COMMISSION

### OFFICE OF FEDERAL OPERATIONS
P.O. Box 77960
Washington, DC  20013-8960

**Complainant Information: (Please Print or Type)**

| | |
|---|---|
| Complainant's name (Last, First, M.I.): | |
| Home/mailing address: | |
| City, State, ZIP Code: | |
| Daytime Telephone # (with area code): | |
| E-mail address (if any): | |

**Attorney/Representative Information (if any):**

| | |
|---|---|
| Attorney name: | |
| Non-Attorney Representative name: | |
| Address: | |
| City, State, ZIP Code: | |
| Telephone number (if applicable): | |
| E-mail address (if any): | |

**General Information:**

| | |
|---|---|
| Name of the agency being charged with discrimination: | |
| Identify the Agency's complaint number: | |
| Location of the duty station or local facility in which the complaint arose: | |
| Has a final action been taken by the agency, an Arbitrator, FLRA, or MSPB on this complaint? | ____ Yes;  Date Received _____ (Remember to attach a copy)<br>____ No<br>____ This appeal alleges a breach of settlement agreement |
| Has a complaint been filed on this same matter with the EEOC, another agency, or through any other administrative or collective bargaining procedures? | ____ No<br>____ Yes (Indicate the agency or procedure, complaint/docket number, and attach a copy, if appropriate) |
| Has a civil action (lawsuit) been filed in connection with this complaint? | ____ No<br>____ Yes (Attach a copy of the civil action filed) |

**NOTICE:** Please **attach a copy of the final decision or order** from which you are appealing. If a hearing was requested, please attach a copy of the agency's final order and a copy of the EEOC Administrative Judge's decision. Any comments or brief in support of this appeal MUST be filed with the EEOC and with the agency **within 30 days** of the date this appeal is filed. The date the appeal is filed is the date on which it is postmarked, hand delivered, or faxed to the EEOC at the address above.

| | |
|---|---|
| Signature of complainant or complainant's representative: | |
| Date: | |

EEOC Form 573 REV 1/01

# PRIVACY ACT STATEMENT

(This form is covered by the Privacy Act of 1974. Public Law 93-597. Authority for requesting the personal data and the use thereof are given below.)

1. **FORM NUMBER/TITLE/DATE:** EEOC Form 573, Notice of Appeal/Petition, January 2001
2. **AUTHORITY:** 42 U.S.C. § 2000e-16
3. **PRINCIPAL PURPOSE:** The purpose of this questionnaire is to solicit information to enable the Commission to properly and efficiently adjudicate appeals filed by Federal employees, former Federal employees, and applicants for Federal employment.
4. **ROUTINE USES:** Information provided on this form will be used by Commission employees to determine: (a) the appropriate agency from which to request relevant files; (b) whether the appeal is timely; (c) whether the Commission has jurisdiction over the issue(s) raised in the appeal, and (d) generally, to assist the Commission in properly processing and deciding appeals. Decisions of the Commission are final administrative decisions, and, as such, are available to the public under the provisions of the Freedom of Information Act. Some information may also be used in depersonalized form as a data base for statistical purposes.
5. **WHETHER DISCLOSURE IS MANDATORY OR VOLUNTARY AND EFFECT ON INDIVIDUAL FOR NOT PROVIDING INFORMATION:** Since your appeal is a voluntary action, you are not required to provide any personal information in connection with it. However, failure to supply the Commission with the requested information could hinder timely processing of your case, or even result in the rejection or dismissal of your appeal.

Send your appeal to:

The Equal Employment Opportunity Commission
Office of Federal Operations
P.O. Box 77960
Washington, DC  20013-8960

Copy to Agency EEO Director/Attorney: