IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| MICHAEL SEGOBIA,<br><br>      Plaintiff,<br><br>vs.<br><br>MEGAN J. BRENNAN, Postmaster General United States Postal Service,<br><br>      Defendant. | 8:15CV128<br><br>**MEMORANDUM AND ORDER** |

   This matter is before the Court on plaintiff Michael Segobia's ("Segobia") Motion for Dismissal Without Prejudice (Filing No. 56) pursuant to Federal Rule of Civil Procedure 41(a)(2). Also pending before the Court is a Motion to Dismiss and Motion for Summary Judgment (Filing No. 51) filed pursuant to Federal Rules of Civil Procedure 12(h)(3) and 56 by defendant Megan J. Brennan, Postmaster General United States Postal Service ("postal service"). For the reasons stated below, Segobia's motion is granted and the postal service's motion is denied as moot.

**I. BACKGROUND**

   Segobia, who alleges he is disabled as a result of problems with his back, worked as a custodian for the postal service from June 2013 until he retired in April 2015. In his Amended Complaint (Filing No. 19), Segobia seeks damages from the postal service pursuant to the Rehabilitation Act of 1973, 29 U.S.C. § 701 *et seq.*, alleging unlawful discrimination, harassment, and retaliation during his employment. Segobia also alleges the postal service denied him a union representative.

   Segobia attached to his Amended Complaint a copy of the United States Postal Service Equal Employment Opportunity ("EEO") dismissal of his formal EEO complaint setting forth the allegations underlying the Amended Complaint. The dismissal notified

Segobia of his right to appeal the decision to the Equal Employment Opportunity Commission or file a civil action within ninety days of receiving the decision. The parties indicate Segobia still has two other EEO administrative complaints pending before the postal service.

On February 15, 2017, the postal service moved pursuant to Federal Rule of Civil Procedure 12(h)(3) to dismiss Segobia's claim that he was denied a union representative, arguing this Court lacks subject-matter jurisdiction to hear that claim because the National Labor Relations Board has exclusive jurisdiction. The postal service also asserts the "allegations contained in paragraphs 11, 12, 22, and 30 of [the] Amended Complaint are not properly before this Court" because Segobia failed to exhaust his administrative remedies with respect to those allegations. The postal service seeks non-prejudicial dismissal of those claims and "summary judgment on [Segobia's] remaining discrimination and retaliation claims." *See* Fed. R. Civ. P. 56.

Segobia did not file a response to the postal service's motion. Instead, one day before his response was due, Segobia moved to dismiss this case without prejudice. The postal service "partially opposes" Segobia's motion. The postal service "requests the Court to deem [its] statement of material facts admitted" and dismiss "the portions of [Segobia's] Amended Complaint properly before this Court with prejudice and the portions not properly before the Court without prejudice."

**II.    DISCUSSION**

The postal service has both answered the Amended Complaint and moved for summary judgment. In such circumstances, "an action may be dismissed at the plaintiff's request only by court order, on terms that the court considers proper." Fed. R. Civ. P. 41(a). In deciding whether to allow Segobia to voluntarily dismiss, the Court considers "factors such as whether the party has presented a proper explanation for [his] desire to dismiss; whether a dismissal would result in a waste of judicial time and effort; and whether a dismissal will prejudice the defendant[]." *Thatcher v. Hanover Ins. Grp., Inc.*,

659 F.3d 1212, 1213-14 (8th Cir. 2011) (quoting *Hamm v. Rhone-Poulenc Rorer Pharm., Inc.*, 187 F.3d 941, 950 (8th Cir. 1999)).

Prejudice in this context means "something other than the necessity that defendant might face of defending another action." *Kern v. TXO Prod. Corp.*, 738 F.2d 968, 970 (8th Cir. 1984); *accord Arias v. Cameron*, 776 F.3d 1262, 1268 (11th Cir. 2015) ("Generally speaking, a motion for voluntary dismissal should be granted unless the defendant will suffer clear legal prejudice other than the mere prospect of a second lawsuit."). Yet the Court will not permit a plaintiff "to dismiss merely to escape an adverse decision [or] to seek a more favorable forum." *Thatcher*, 659 F.3d at 1214 (quoting *Hamm*, 187 F.3d at 950).

Here, Segobia—after some coaxing from the postal service—assures the Court he is not moving to dismiss "to escape an adverse decision or seek a more favorable forum." Segobia explains "[h]e is a Navy Veteran who is living off of disability benefits he receives from the Veterans Administration" and cannot "afford to pay an attorney tens of thousands of dollars to fight the government juggernaut defending this case." In short, Segobia states he has limited resources and "realizes further litigation is cost prohibitive." The Court has no reason to question the sincerity of Segobia's explanation or to suspect forum shopping or some other nefarious motive for Segobia desiring to voluntarily dismiss this case.

Turning to the second factor, the Court finds that even though this case has been pending for a while and has progressed beyond the pleading stage, dismissal at this point would not result in any great waste of the Court's time and effort. As the postal service points out, the Court previously ruled on a motion to dismiss, conducted a planning conference, and ruled on several extension requests. Those routine matters did not require substantial time and effort. In contrast, denying dismissal and ruling on the postal service's dispositive motion would require considerably more time and effort from the

3

Court and the parties. The postal service asks the Court "to deem [its] statement of material facts admitted" and grant summary judgment in its favor, but the Court is reluctant to do that under the circumstances of this case.

In terms of prejudice, the postal service notes it "has progressed this case to late stages and to a point that a dispositive motion has been filed." The Court has no doubt the postal service has, as it contends, "expended substantial time and effort to defend this matter." Specifically, the postal service notes it filed a motion to dismiss, propounded and answered discovery, deposed Segobia, and filed a dispositive motion "supported by numerous declarations and evidence." The postal service also states it "anticipates that if the relevant portions of this matter are not dismissed with prejudice, [Segobia] would attempt to relitigate it at a later date." The Court is not convinced.

Leaving aside the potential limitations on Segobia's ability to refile his discrimination and retaliation claims at this point, as the postal service acknowledges, the possibility that the postal service could face another action is insufficient to justify denying Segobia's motion to dismiss. *Kern*, 738 F.2d at 970. The same is true for the discovery the postal service has conducted. *Mullen v. Heinkel Filtering Sys., Inc.*, 770 F.3d 724, 728 (8th Cir. 2014) ("The expense and effort of drafting and responding to discovery prior to dismissal does not constitute legal prejudice."). What's more, most of the work the postal service has done can be reused if Segobia were to refile this case. *Id.* at 729. The postal service could also seek "all or part of the costs of [this] action" if Segobia "files an action based on or including the same claim against the same defendant." Fed. R. Civ. P. 41(d).

"While a pending motion for summary judgment is a factor the court may take into account when considering whether to grant a motion for voluntary dismissal, it is not by itself dispositive." *Metro. Fed. Bank of Iowa, F.S.B. v. W.R. Grace & Co.*, 999 F.2d 1257, 1262 (8th Cir. 1993). Indeed, Rule 41(a) expressly contemplates that the defendant

may have filed a motion for summary judgment before the plaintiff seeks leave to dismiss, otherwise the plaintiff could dismiss the "action without a court order." Fed. R. Civ. P. 41(a)(1). The Eighth Circuit has routinely upheld voluntary dismissals in cases that have progressed to summary judgment and beyond. *See*, *e.g.*, *Metro. Fed. Bank*, 999 F.2d 1257, 1262-63 (8th Cir. 1993) (upholding the district court's grant of voluntary dismissal even though the defendant had conducted discovery and had moved for summary judgment); *Kern*, 738 F.2d at 971 (upholding the district court's voluntary dismissal after the plaintiff had questioned four of her five witnesses at trial).

After careful review, the Court finds good reason to grant Segobia's motion for voluntary dismissal and insufficient legal prejudice to the postal service to warrant denying it, particularly in light of the postal service's agreement that some of Segobia's claims should be dismissed without prejudice. The postal service has not requested fees and costs as a condition of dismissal, and the Court will not impose them at this time, given the circumstances of this case. *Mullen*, 770 F.3d at 729. Accordingly,

IT IS ORDERED:
1. Plaintiff Michael Segobia's Motion for Dismissal Without Prejudice (Filing No. 56) is granted.
2. This case is dismissed without prejudice, with each party to bear its own fees and costs.
3. Defendant Megan J. Brennan's Motion to Dismiss and Motion for Summary Judgment (Filing No. 51) is denied as moot.

Dated this 13th day of April, 2017.

BY THE COURT:

s/ *Robert F. Rossiter, Jr.*
United States District Judge